| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Patricia A. Willis, | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-09-1709 |
| Michael J. Astrue, | § § | |
| Defendant. | § § § | |

# Opinion on Summary Judgment

1.  *Introduction.*

    The question in this action is whether substantial evidence supports the commissioner's decision that Patricia Willis is not disabled under the Social Security Act. It does.

    Willis brought this action for judicial review of the commissioner's final decision to deny disability insurance benefits under 42 U.S.C. § 405(g). Both sides have moved for summary judgment.

2.  *Standard of Review.*

    Judicial review is limited to whether the record has substantial evidence to support the commissioner's decision and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the commissioner's findings are conclusive and the decision must be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence need not be greater than a preponderance to be demonstrated. *Id.* at 400–01; *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). A decision unsupported by substantial evidence must be overturned. Also, a decision unsupported by cogent facts is arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.* In determining whether there is

substantial evidence, this court may not independently try issues afresh or substitute its judgment for that of the commissioner. *Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.  *Statutory Criteria.*

A disability is the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment that will result in death or has lasted for a continuous period of twelve months. 42 U.S.C.A. § 423(d)(1)(A). The Social Security Administration has a five-step evaluation process for determining whether an individual is disabled. 20 C.F.R. §404.1520(a)(1).

Step one, a claimant is not disabled if he is involved in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(I).

Step two, a claimant is not disabled unless a medically determinable impairment is severe enough to significantly limit the claimant's physical or mental abilities to do basic work activities and lasts for a minimum of twelve months. 20 C.F.R. §404.1520(a)(4)(ii).

Step three, a claimant is not disabled if he does not have an impairment that meets or equals one of the listings in appendix 1. 20 C.F.R. §404.1520(a)(4)(iii).

Step four, if the commissioner cannot make a determination at the first three steps, then he will consider the limiting effects of medically determinable impairments on the claimant's residual functional capacity to work. If the claimant can still perform his past work, then he is not disabled. 20 C.F.R. §404.1520(a)(4)(iv).

Step five, a claimant is not disabled if he can make an adjustment to other work that exists in significant numbers in the national economy. 20 C.F.R. §404.1520(a)(4)(v).

4.  *Claim History.*

Patricia Willis is a 55-year-old with a ninth-grade education. She was a supervisor at a concession stand in Hobby airport until 2004. She says she is disabled by a combination of angina, high-blood pressure, chest pain, back pain, swelling of her feet, shortness of breath, complications from breast surgery, coronary plaque buildup, an enlarged heart, obesity, and depression. She says these conditions require her to constantly prop her feet on a recliner or lie down, and they prevent her from lifting more than 10 pounds or walking more than one-half block.

In 2004, Willis had breast reduction surgery to relieve constant back and shoulder pain. After the surgery, she says she developed the conditions she now lists as disabling. She also continued to smoke one-half a pack of cigarettes a day and drink socially. Although recommended to lose weight after the surgery, Willis, at five feet three inches, went from 195 pounds pre-surgery to 220 pounds at in January of 2006.

5. *Disability*.

The hearing officer properly found that Willis was not disabled. He correctly followed the five-step evaluation.

    A. *Step One.*

Willis has not worked since April 13, 2004.

    B. *Step Two.*

Willis has coronary-artery disease, obesity, hypertension, diabetes, and degenerative disc disease.

    C. *Step Three.*

The hearing officer determined her impairments were not severe enough to meet those listed in appendix 1. A reviewing physician said that Willis had mild hypertension and that her lower extremity, cardiac, and neurological functions were normal. Additionally, Willis may be classified as obese, but she is not severely so.

Willis's statements about the intensity, persistence, and limiting effects of her symptoms are not credible. Her need to elevate her legs and her claims of continuing problems from the breast reduction are not supported by objective findings. Her gait and straight-leg test were normal, demonstrating that the back pain is not severe. Her high-blood pressure has been controlled with medication. Willis never sought treatment for her mental health, and although she says she was prescribed an anti-depressant by her physician, he is not an expert in psychiatry.

D. *Step Four.*

Willis can still perform light work – she cannot climb and can occasionally bend, kneel, or climb stairs – and is able to return to her past work as a store cashier. This job was considered light, unskilled labor requiring none of the impaired activities.

Although her own physicians and physical therapist said that she could not work at for a full workday, the hearing officer is free to assign little weight to that determination when the opinion is not supported by the facts or logic. 20 C.F.R. § 404.1527(d)(2). The physicians based at least some of their assessment solely on the statements of Willis and without testing her. The hearing officer is required to contact a physician to clarify a conclusion when he does not have sufficient evidence to draw a conclusion, not when the physician's opinion is inconsistent with the record. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

E. *Step Five.*

A vocational expert testified that Willis could be transferred to other jobs with little adjustment.

6. *Conclusion.*

The decision of the commissioner denying Patricia Willis's claim for disability insurance is supported by substantial evidence and will be affirmed.

Signed on June 22, 2010, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge